CUDDINGTON v UNITED HEALTH SERVICES, INC

Docket No. 303249. Submitted March 15, 2012, at Detroit. Decided October 25, 2012, at 9:10 a.m.

Raymond Cuddington filed an action against United Health Services, Inc., in the Tuscola Circuit Court, seeking damages under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, for retaliatory discharge. Plaintiff was employed by defendant as a delivery technician and was involved in a car accident while working on the job. Plaintiff declined medical help at the scene of the accident, but developed shoulder and neck pain during the night. Plaintiff's wife contacted defendant the following morning, stating that plaintiff would not be at work because of soreness from the accident. Plaintiff was told to report to work or he would be fired because he did not report his absence before the start of his shift. Plaintiff refused, stating that he wanted to see his doctor, and was informed that he had been terminated from his job when he reported for work two days later. Plaintiff filed a claim for workers' compensation benefits and subsequently commenced this retaliatory-discharge claim under MCL 418.301(13). The court, Patrick Reed Joslyn, J., granted defendant's motion for summary disposition, finding that there was no evidence that plaintiff was fired in retaliation for his workers' compensation claim. Plaintiff appealed.

The Court of Appeals *held*:

1. The primary goal of the WDCA is to promptly deliver benefits to employees injured in the scope of their employment. Filing a petition for workers' compensation benefits is not a prerequisite to all retaliatory-discharge claims. Rather, under MCL 418.301(13), a claim of retaliatory discharge may be established if an employer terminates or otherwise discriminates against an employee in retaliation (1) for filing a complaint under the WDCA, (2) for instituting or causing a proceeding to be instituted under the WDCA, or (3) because the employee exercises a right afforded by the WDCA.

2. An injured employee, under MCL 418.315(1), has the right to seek needed, reasonable medical services and medicines for work-related injuries. The phrase "medical services" encompasses medical consultation, evaluation, and treatment. Determining

whether an employee needed medical services following a workplace injury necessitates a fact-intensive reasonableness inquiry that focuses on the totality of the circumstances surrounding the employee, the workplace, the nature of the injury, and the injury's adverse effect on the employee's overall health and well-being.

3. A prima facie case of retaliation is established under the WDCA if an employee who suffered a work-related injury presents evidence (1) that the employee asserted a right to obtain necessary medical services or actually exercised that right, (2) that the employer knew that the employee engaged in this protected conduct, (3) that the employer took an employment action that was adverse to the employee, and (4) that the adverse employment action and the employee's assertion or exercise of a right afforded under MCL 418.315(1) were causally connected. Direct evidence of retaliation is evidence that if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. When a plaintiff asserting a claim for retaliatory discharge under MCL 418.301(13) establishes a prima facie case of retaliation with circumstantial evidence, the burden of proof shifts to the defendant to articulate a legitimate, nonretaliatory reason for its adverse employment action. If the defendant produces a legitimate, nondiscriminatory reason for its action, the plaintiff must then demonstrate that the evidence in the case, when construed in the plaintiff's favor, is sufficient to permit a reasonable trier of fact to conclude that retaliation was a motivating factor for the adverse action taken toward the plaintiff. A plaintiff can establish that the employer's proffered reasons for the adverse employment action were pretextual by demonstrating that the reasons (1) had no basis in fact, (2) were not the actual factors motivating the decision, or (3) were insufficient to justify the decision.

4. Plaintiff presented prima facie evidence of causation because defendant knew of his work-related injury and that plaintiff exercised a right afforded under the WDCA when he sought medical attention for his injuries rather than reporting for work. Defendant rebutted plaintiff's prima facie proofs with evidence that it had terminated his employment because he called in his absence two minutes after his shift commenced. The trial court erred by holding that summary disposition was appropriate on the basis of plaintiff's failure to prove that he was terminated in retaliation for filing a petition for workers' compensation benefits. Rather, the trial court should have determined if a genuine issue of fact existed regarding whether defendant fired plaintiff because he had exercised the right to seek medical services for his work-related injury, as allowed under MCL 418.315(1).

5. In accordance with *Wilson v Acacia Park Cemetery Ass'n,* 162 Mich App 638, 645-646 (1987), and *Griffey v Prestige Stamping, Inc* 189 Mich App 665, 667-669 (1991), which addressed claims of retaliation for anticipated filings of workers' compensation benefits, a cause of action for retaliatory discharge cannot be based on the anticipated exercise of a right afforded under the WDCA. An employee who brings a claim under MCL 418.301(13) premised on the exercise of a right afforded by the WDCA must demonstrate that he or she first exercised such a right before the employer terminated or otherwise discriminated against the employee in response to that conduct. Plaintiff did not allege that he was terminated in retaliation for an anticipated claim, however, but alleged that his termination was for exercising a right afforded under the WDCA.

Order vacated and case remanded for further proceedings.

1. WORKERS' COMPENSATION — RETALIATORY DISCHARGE — WORKERS' DISABILITY COMPENSATION ACT — EXERCISE OF RIGHT — SEEKING MEDICAL SERVICES.

Filing a petition for workers' compensation benefits is not a prerequisite to all retaliatory-discharge claims; under MCL 418.301(13), a claim of retaliatory discharge may be established if an employer terminates or otherwise discriminates against an employee in retaliation (1) for filing a complaint under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, (2) for instituting or causing a proceeding to be instituted under the WDCA, or (3) because the employee exercises a right afforded by the WDCA; an injured employee who brings a claim under MCL 418.301(13) premised on the exercise of a right afforded by the WDCA must demonstrate that he or she first exercised such a right before the employer terminated or otherwise discriminated against the employee in response to that conduct; under MCL 418.315(1), an employee has the right to seek needed and reasonable medical services and medicines for work-related injuries; medical services encompasses medical consultation, evaluation, and treatment; determining whether an employee needed medical services following a workplace injury necessitates a fact-intensive reasonableness inquiry that focuses on the totality of the circumstances surrounding the employee, the workplace, the nature of the injury, and the injury's adverse effect on the employee's overall health and well-being.

2. WORKERS' COMPENSATION — RETALIATORY DISCHARGE — SEEKING MEDICAL SERVICES — PRIMA FACIE EVIDENCE — SHIFTING OF THE BURDEN OF PROOF.

A prima facie case of retaliation for the exercise of the right to seek reasonable and necessary services is established under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, if

an employee who suffered a work-related injury presents evidence (1) that the employee asserted the right or actually exercised that right, (2) that the employer knew that the employee engaged in this protected conduct, (3) that the employer took an employment action that was adverse to the employee, and (4) that the adverse employment action and the employee's assertion or exercise of the right, which is afforded under MCL 418.315(1), were causally connected; direct evidence of retaliation is evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions; when a plaintiff asserting a claim for retaliatory discharge under MCL 418.301(13) establishes a prima facie case of retaliation with circumstantial evidence, the burden of proof shifts to the defendant to articulate a legitimate, nonretaliatory reason for its adverse employment action; if the defendant produces a legitimate, nondiscriminatory reason for its action, the plaintiff must demonstrate that the evidence in the case, when construed in the plaintiff's favor, is sufficient to permit a reasonable trier of fact to conclude that retaliation was a motivating factor for the adverse action taken toward the plaintiff; a plaintiff can establish that the employer's proffered reasons for the adverse employment action were pretextual by demonstrating that the reasons (1) had no basis in fact, (2) were not the actual factors motivating the decision, or (3) were insufficient to justify the decision.

*Hurlburt, Tsiros, & Allweil, P.C.* (by *Mandel I. Allweil*), for Raymond Cuddington.

*Stephens & Moore, P.C.* (by *Phoebe J. Moore*), for United Health Services, Inc.

Before: BORRELLO, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM. In this wrongful termination action, plaintiff, Raymond Cuddington, appeals as of right the trial court's order granting the motion of defendant, United Health Services, Inc. (UHS), for summary disposition pursuant to MCR 2.116(C)(8) and (10). For the reasons set forth in this opinion, we vacate the trial court's order and remand for further proceedings.

I. FACTS AND PROCEDURAL HISTORY

UHS employed plaintiff for 12 years as a delivery technician. Plaintiff's job duties required him to transport and assemble medical equipment weighing up to 150 pounds. Plaintiff completed his last delivery for defendant on January 7, 2009. On his way back to the UHS office that evening, the van plaintiff was driving slipped on the icy road and collided with another vehicle. Plaintiff called Robert Daniels, president of UHS, and reported the incident. Robert and his wife, Rebecca Daniels, also an officer of the company, arrived at the accident scene and found plaintiff sitting in an ambulance. Plaintiff had "a fat lip and a bruised cheek from hitting the mirror" but elected not to go to the hospital. During the night, however, he developed pain in his shoulder and neck area.

The next morning, plaintiff experienced difficulty getting out of bed and sought medical attention. Plaintiff testified at an unemployment compensation hearing that his wife called UHS at 9:00 a.m. and informed a secretary that he was unable to work because of soreness from the accident. According to plaintiff, Robert called a few minutes later and asked plaintiff why he was not at work. Plaintiff informed Robert that he "was very sore from the accident." Robert advised plaintiff that he needed to see a doctor. Rebecca took the phone and, as recounted by plaintiff, expressed the following: "[Y]ou ain't hurt, if you were hurt you would have went in the ambulance to the hospital last night. If you don't come into work, you are blanking- -blanking fired." Robert described the same conversation as follows: "My wife got on the phone and basically told him to get his butt to work or he was not going to be employed, because he didn't call in before his shift." Plaintiff declined to come in, insisting that he was very sore and wanted to see his doctor.

That same morning, plaintiff went to the office of Richard Hall, D.O., his personal physician. While a nurse was taking plaintiff's blood pressure, another nurse announced that Dr. Hall had been called to Saginaw for an emergency. Plaintiff requested that Dr. Hall's office contact UHS to verify the visit. Although he had not yet been examined by Dr. Hall, plaintiff reported for work on January 9, 2009. Robert informed him that he was "done" and needed to leave his keys and gas card at the office.[1]

Robert and Rebecca disputed plaintiff's version of events. Robert averred that plaintiff failed to call in before his shift and that plaintiff was terminated after admitting that he did not have a "doctor's slip in accordance with the Employee Manual." Rebecca claimed that she had terminated plaintiff because he did not show up for work, had not called, and "was insubordinate in regards to reporting to work."

Plaintiff filed a claim for workers' compensation benefits and subsequently commenced this action for retaliatory discharge pursuant to MCL 418.301(13),[2] a provision of the Worker's Disability Compensation Act ("WDCA" or the "Act"), MCL 418.101 *et seq.* Plaintiff alleged that he had exercised a right protected under

---

[1] Dr. Hall examined plaintiff on January 12, 2009, diagnosed a "cervical sprain," and noted that "since he is driving and has to lift heavy equipment I am going to keep him off for a while."

[2] Plaintiff filed his complaint pursuant to MCL 418.301(11); subsequently, the Legislature amended MCL 418.301 and reclassified subsection (11) as subsection (13). See 2011 PA 266. MCL 418.301(13) now provides:

> A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

the Act by seeking medical treatment for a work-related injury and that defendant violated the Act when it terminated him in retaliation for exercising that right.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that plaintiff could not establish a viable cause of action under the WDCA because he did not petition for workers' compensation benefits until *after* he was terminated. Defendant argued that plaintiff could not sustain a WDCA claim based merely on an intent to claim workers' compensation benefits.

The trial court granted defendant's motion, finding "no indication here that Plaintiff was fired in retaliation for his worker's compensation claim. Plaintiff did not even file his claim until after he had been terminated."

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition to determine whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The trial court did not indicate whether it granted defendant's motion pursuant to MCR 2.116(C)(8) or (10); however, because the trial court considered documentary evidence beyond the pleadings, we construe the motion as having been granted pursuant to MCR 2.116(C)(10). *Krass v Tri-Co Security, Inc*, 233 Mich App 661, 664-665; 593 NW2d 578 (1999). In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact. *Maiden*, 461 Mich at 120. "A genuine issue of material fact exists when the record leaves open

an issue on which reasonable minds could differ." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

This case requires that we construe the applicable provisions of the WDCA. Issues of statutory construction involve questions of law that we review de novo. *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011). "The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Id.* at 296. "[U]nless explicitly defined in a statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Yudashkin v Holden*, 247 Mich App 642, 650; 637 NW2d 257 (2001) (quotation marks and citation omitted).

### III. ANALYSIS

Plaintiff contends that by alleging that defendant terminated his employment because he exercised a right afforded him under the WDCA—the right to seek medical services for a work-related injury—he pleaded a cognizable retaliation claim under MCL 418.301(13). The evidence supports that plaintiff was terminated after suffering a work-related injury and expressing a need for medical services. We hold that pursuant to the WDCA, plaintiff had a right to seek medical consultation concerning his employment-related injury. Because MCL 418.301(13) contemplates that an employee may pursue a retaliation claim arising from the exercise of this right, the trial court improperly granted summary disposition to defendant. Whether retaliation actually played a role in defendant's decision to terminate plaintiff's employment presents a factual question subject to further development on remand, in accordance with this opinion.

A. RETALIATORY DISCHARGE UNDER THE WDCA

The primary goal of the WDCA is to "promptly deliver benefits to employees injured in the scope of their employment." *Dunbar v Mental Health Dep't*, 197 Mich App 1, 6; 495 NW2d 152 (1992). Initially, the Act did not contain a retaliatory-discharge cause of action. *Wilson v Acacia Park Cemetery Ass'n*, 162 Mich App 638, 645; 413 NW2d 79 (1987). In 1981 PA 200, the Legislature codified a cause of action for retaliatory discharge by amending the WDCA and adding MCL 418.301(11), which was later reclassified as MCL 418.301(13). *Wilson*, 162 Mich App at 645; 2011 PA 266. MCL 418.301(13) now provides:

> A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act *or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.* [Emphasis added].

The plain language of MCL 418.301(13) establishes that a petition for workers' compensation benefits is not a condition precedent to *all* retaliatory-discharge claims. Rather, the statute creates a cause of action when an employer terminates or otherwise discriminates against an employee in retaliation (1) for filing a complaint under the WDCA, (2) for instituting or causing a proceeding to be instituted under the WDCA, or (3) "because of the exercise by the employee . . . of a right afforded by this act." By including within the prohibitions set forth in MCL 418.301(13) that an employer may not retaliate against an employee who has exercised a protected right, the Legislature recognized that an employer could circumvent the goals of the WDCA by firing an injured employee before the employee had any opportunity to formally initiate

workers' compensation proceedings. Had the statute failed to include the final alternative clause, the result would be "a foot race, with the winner being determined by the event to first occur – either the firing of the employee or the filing of a claim with the Workers' Compensation Board." *Bullard v Alcan Aluminum Corp*, 113 Fed Appx 684, 690 (CA 6, 2004) (quotation marks and citation omitted).

### B. MEDICAL SERVICES AS A RIGHT UNDER THE WDCA

Having determined that an employee may have a cause of action based on the exercise of a right, we now turn to whether the Act affords employees a right to seek medical services for work-related injuries.

The WDCA does not expressly define the term "right" for purposes of the Act, and this Court has not previously defined the term in this context. In another context, this Court has defined the word to mean " '[s]omething that is due to a person . . . [a] power, privilege, or immunity secured to a person by law.' " *Risko v Grand Haven Charter Twp Zoning Bd of Appeals*, 284 Mich App 453, 460; 773 NW2d 730 (2009), quoting Black's Law Dictionary (8th ed). A review of MCL 418.315(1) reveals that the WDCA affords injured employees the right to seek reasonable medical services and medicines for work-related injuries. Specifically, MCL 418.315(1) provides in relevant part:

> The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, *reasonable medical, surgical, and hospital services and medicines*, or other attendance or treatment recognized by the laws of this state as legal, *when they are needed*. [Emphasis added.]

Our Supreme Court has not specifically defined the term "medical . . . services." However, the ordinary,

commonly understood meaning of this term encompasses medical consultation, evaluation, and treatment.

The primary purpose of the WDCA as a whole is to "promptly deliver benefits to employees injured in the scope of their employment." *Dunbar*, 197 Mich App at 6; see *Klooster*, 488 Mich at 296 (noting that when interpreting words in a statute, we must give effect to the intent of the Legislature). Given that the Act requires employers to furnish medical services to an employee injured during the course of his or her employment and that the purpose of the Act is to ensure that injured workers receive benefits for such injuries, it necessarily follows that the Act affords an injured employee a right to seek reasonable, needed medical services for injuries that arise in the course of employment.

While employees have the right to seek medical services for work-related injuries, we readily acknowledge that not all injuries may actually require treatment. Rather, whether an employee "needed" medical services following a workplace injury necessarily requires a fact-intensive reasonableness inquiry focusing on the totality of the circumstances surrounding the employee, the workplace, the nature of the injury, and the injury's adverse effect on the employee's overall health and well-being. No single factor is dispositive, and a reasonableness inquiry may encompass any evidence bearing on whether medical services were necessary. This inquiry may include whether the injury involved a significant event—such as in this case, an automobile accident and whether the injury caused pain or diminished the employee's ability to perform his or her job responsibilities. Medical records may bear on whether medical services were reasonably necessary following the injury. As discussed in more detail below,

the employee bears the burden of proving that he or she needed medical services following a workplace injury.

Having found that the WDCA affords an injured employee the right to seek reasonable and necessary medical services, we consider the contours of an action for retaliatory discharge arising from the exercise of that right.

In *Phillips v Butterball Farms Co, Inc (After Second Remand)*, 448 Mich 239, 248-249; 531 NW2d 144 (1995), our Supreme Court held that an action for wrongful discharge for filing a workers' compensation action sounds in tort. Accordingly, we draw upon the structure of other statutorily created retaliation torts, including claims brought under the Whistleblowers' Protection Act, MCL 15.361 *et seq.*, and the Civil Rights Act (CRA), MCL 37.2101 *et seq.* To establish a prima facie case of retaliation under the WDCA, an employee who has suffered a work-related injury must present evidence: (1) that the employee asserted a right to obtain necessary medical services or actually exercised that right, (2) that the employer knew that the employee engaged in this protected conduct, (3) that the employer took an employment action adverse to the employee, and (4) that the adverse employment action and the employee's assertion or exercise of a right afforded under MCL 418.315(1) were causally connected. See *DeFlaviis v Lord & Taylor, Inc*, 223 Mich App 432, 436; 566 NW2d 661 (1997) (noting the elements of a prima facie case of unlawful retaliation that the plaintiff must prove to establish a violation of the CRA).

The last element, causation, is usually difficult to prove. Under some circumstances, a plaintiff may be

able to produce direct evidence of retaliatory animus. In employment discrimination cases, our Supreme Court has defined "direct evidence" as "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001) (quotation marks and citation omitted). In the retaliation context, direct evidence of retaliation establishes without resort to an inference that an employer's decision to take an adverse employment action was at least in part retaliatory.

Rarely will an employer openly admit having fired a worker in retaliation for exercising a right of employment. Rebecca's alleged threat to fire plaintiff if he did not report for work does not constitute direct evidence that she fired him because he intended to seek medical services, but it supports an inference to that effect. When a plaintiff presents circumstantial rather than direct evidence of an employer's retaliatory motive, we examine the claim under the *McDonnell Douglas/Burdine*[3] burden-shifting framework. *Chiles v Machine Shop, Inc*, 238 Mich App 462, 470; 606 NW2d 398 (1999).[4]

Under the *McDonnell Douglas/Burdine* analysis, when a plaintiff asserting a claim for retaliatory discharge under MCL 418.301(13) circumstantially establishes a rebuttable prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate, nonretaliatory reason for its adverse employment

---

[3] *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973); *Texas Dep't of Community Affairs v Burdine*, 450 US 248; 101 S Ct 1089; 67 L Ed2d 207 (1981).

[4] The burden-shifting approach does not apply if a plaintiff cites direct evidence of unlawful retaliation. See *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 539-540; 620 NW2d 836 (2001) (applying the burden-shifting approach in the context of a race discrimination claim brought under the CRA).

action. See *Hazle,* 464 Mich at 464. If the defendant produces a legitimate, nondiscriminatory reason for its action, "the plaintiff must demonstrate that the evidence in the case, when construed in the plaintiff's favor, is 'sufficient to permit a reasonable trier of fact to conclude that [retaliation] was a motivating factor for the adverse action taken by the employer toward the plaintiff.' " *Id.* at 465, quoting *Lytle v Malady (On Rehearing),* 458 Mich 153, 176; 579 NW2d 906 (1998). A plaintiff can establish that the employer's proffered reasons for the adverse employment action qualify as pretextual by demonstrating that the reasons (1) had no basis in fact, (2) were not the actual factors motivating the decision, or (3) were insufficient to justify the decision. *Dubey v Stroh Brewery Co,* 185 Mich App 561, 565-566; 462 NW2d 758 (1990).

The record evidence in this case supports that defendant knew of plaintiff's work-related injury and that plaintiff exercised a right afforded under the Act. Rebecca's instruction that plaintiff report for work despite his injury and professed need for medical services supports an inference of causation, i.e., that defendant terminated plaintiff's employment because he elected to obtain necessary medical services instead of reporting for work. Thus, viewed in the light most favorable to plaintiff, plaintiff's evidence sufficed to establish a prima facie retaliation claim.

Defendant rebutted plaintiff's prima facie proofs with evidence that it had terminated plaintiff's employment because he called in at 9:02 a.m. rather than before 9:00 a.m., when his shift commenced.[5] In response to this legitimate reason for termination, plain-

---

[5] At an unemployment compensation hearing, Robert agreed with the referee that if plaintiff "had called in prior to his shift, he would still be employed."

tiff asserted that his wife had called defendant in a timely fashion and left a message that plaintiff was unable to work because of his injury. Whether defendant fired plaintiff as retaliation for his pursuit of medical services is central to this case. However, summary disposition was granted before the parties had an opportunity to adequately explore the issue of causation. Further factual development concerning this issue is required consistent with this opinion.

### D. *GRIFFEY v PRESTIGE STAMPING, INC* AND *WILSON v ACACIA PARK CEMETERY ASSOCIATION* ARE CONSISTENT WITH OUR HOLDING

Defendant contends that binding precedent precludes a retaliatory-discharge claim "premised on the employer's anticipation of a future claim [for benefits]," citing *Wilson*, 162 Mich App at 638, and *Griffey v Prestige Stamping, Inc*, 189 Mich App 665; 473 NW2d 790 (1991).

In *Wilson*, the plaintiff was injured during the course of his duties as a volunteer firefighter and was unable to return to his employment with the defendant. *Wilson*, 162 Mich App at 640. While the plaintiff recovered from his injury, the defendant terminated his employment. *Id*. The plaintiff filed suit and alleged, in part, that the defendant had terminated his employment in retaliation for "anticipated future workers' compensation claims." *Id*. at 641. This Court affirmed the trial court's order granting summary disposition for the defendant on grounds that the plaintiff's retaliatory-discharge claim was premised on the defendant's anticipation of future claims for workers' compensation benefits. *Id*. at 645-646. This Court explained: "The statutory provision prohibiting retaliatory discharge in [MCL 418.301(13)] does not help plaintiff because it prohibits discharge or discrimination only in retaliation for *prior*

claims for workers' compensation benefits. Here plaintiff premises his right of recovery on defendant's anticipation of *future* claims." *Id.* at 645. The *Wilson* Court concluded that "retaliatory discharge premised upon the employer's *anticipation of a future claim* does not state a legally cognizable cause of action" under MCL 418.301(13). *Id.* at 646 (emphasis added).

In *Griffey*, the defendant terminated the plaintiff's employment and the plaintiff brought suit, alleging, in part, that the defendant had terminated him in order to avoid paying workers' compensation benefits. *Griffey*, 189 Mich App at 666. However, the plaintiff did not file a petition for workers' compensation benefits until after he filed his complaint. *Id.* On appeal, the defendant argued that the plaintiff had failed to state a viable claim for retaliatory discharge because his complaint was premised on an anticipated petition for workers' compensation benefits. *Id.* at 666-667. This Court agreed and held that the plaintiff's claim failed under *Wilson*, 162 Mich App at 638. *Id.* at 667-669.

In this matter, distinct from the factual and legal issues presented to this Court in *Wilson* and *Griffey*, plaintiff did not allege that defendant terminated him in retaliation for his anticipated filing of a petition for workers' compensation benefits. Rather, unlike the plaintiffs in *Wilson* and *Griffey*, plaintiff alleged that defendant terminated him in retaliation for exercising a right afforded under the WDCA (i.e., the right to seek medical services for a work-related injury). *Wilson* and *Griffey* did not address whether an employee has a cause of action for retaliatory discharge under MCL 418.301(13) based on retaliation for exercising a right under the WDCA. Additionally, before his discharge, plaintiff informed defendant that he was invoking his right under the WDCA to seek needed medical services

for a work-related injury. Thus, *Wilson* and *Griffey* are both factually and legally dissimilar to the instant case.

However, we concur with the principal conclusion of *Wilson* and *Griffey* and similarly hold that a cause of action for retaliatory discharge cannot be based on the *anticipated* exercise of a right afforded under the Act. Like the plaintiffs in those cases who needed to show that they had filed a claim for workers' compensation benefits before they were terminated, an employee who brings a claim under MCL 418.301(13) premised on the exercise of a right afforded by the Act must show that he or she first exercised such a right (i.e., in this case sought medical services) before the employer terminated or otherwise discriminated against the employee in response to that conduct. Our decision in this case is therefore in accord with our prior holdings in *Wilson* and *Griffey* to the extent that we conclude that a cause of action for retaliatory discharge cannot be based on the *anticipated* exercise of a right afforded under the Act. See *Wilson*, 162 Mich App at 646; *Griffey*, 189 Mich App at 667-669.

IV. CONCLUSION

In sum, we hold that filing a petition for workers' compensation benefits is not a prerequisite to all retaliatory-discharge claims under MCL 418.301(13). Rather, an employee who exercises a right afforded under the Act and is subsequently terminated or discriminated against in retaliation may maintain an action. Furthermore, the Act affords an employee the right to seek medical services when needed for work-related injuries. In this case, the trial court erred by holding that summary disposition was appropriate on the basis of plaintiff's failure to prove that he was terminated in retaliation for filing a petition for work-

ers' compensation benefits. Rather, the trial court should have determined if there existed a genuine issue of fact regarding whether defendant fired plaintiff because he exercised a right afforded him under MCL 418.315(1).

Trial court's order vacated and case remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, having prevailed, may tax costs pursuant to MCR 7.219(A).

BORRELLO, P.J., and BECKERING and GLEICHER, JJ., concurred.