# STATE OF MICHIGAN

# COURT OF APPEALS

CYNTHIA JONES,

Plaintiff-Appellant,

v

MUSASHI AUTO PARTS MICHIGAN, INC.,

Defendant-Appellee.

UNPUBLISHED
May 10, 2016

No. 327304
Calhoun Circuit Court
LC No. 2014-000825-CZ

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Plaintiff, Cynthia Jones, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) to defendant, Musashi Auto Parts (Musashi), on her claims of retaliatory employment discrimination. We affirm.

## I. FACTUAL BACKGROUND

Jones began employee training at Musashi in January 2008. As part of her training, she signed a document acknowledging that she had received the handbook of policies, which included the respectful workplace policy. Musashi's respectful workplace policy prohibits verbal bullying, which includes "[a]busive or offense remarks towards another associate and/or their family; [and] spreading rumors or gossiping about another associate and/or their family . . . ."

Over the course of her employment, Jones took multiple leaves under the Family and Medical Leave Act (FMLA), 29 USC 2601, *et seq*, because of various health conditions. Musashi approved her requests for leave in March 2009, April 2009, and July 2009, May 2010, and September 2010. After Jones requested to return to work in April 2011, Musashi placed her in the environmental health and safety department to accommodate her light duty restrictions.

Jones stated that she told the human resources director, Malcolm Satterfield, that she had smelled liquor on her supervisor's breath. According to Jones, she heard from colleagues that management was angry with her, and her employment was terminated shortly thereafter. Jones provided a recording of a conversation in which, during a discussion about how Jones was required to wear her hair, she stated to Satterfield that it was petty and unfair that hers were the only offenses being addressed and that she did not "run up here" when her supervisor asked her for Halls "to cover up that liquor on his breath."

-1-

Jones admitted that she received corrective actions in August 22, 2012, for insubordination and distracting other associates, and that she was issued a "Final Warning" in January 2012. Rhonda Robinson, Musashi's human resources manager, testified that in December 2012, a coworker complained that Jones was spreading gossip by making negative remarks about another coworker's decision to date a man of another race. Robinson investigated and discovered that several other employees stated that Jones engaged in gossip. Based on Jones's previous disciplinary history and the investigation, Robinson decided that she did not need to speak with Jones about the allegations. She typed up her notes, shared them with Satterfield, and recommended that he terminate Jones's employment relationship. Satterfield testified that he signed off on Jones's termination. The termination letter indicates that Jones was terminated for "spreading gossip, speaking about your coworkers in a derogatory tone and becoming argumentative with your supervisor," which was "a violation of our Respectful Workplace policy and cannot be tolerated."

In March 2014, Jones filed her complaint in this action, alleging claims of retaliatory disability, FMLA, workers' compensation discrimination, and claiming that her termination was a "public policy violation." In December 2014, Musashi filed a motion for summary disposition under MCR 2.116(C)(10), contending that it had a legitimate nondiscriminatory reason for terminating Jones's employment and that Jones had not identified a clearly mandated public policy to support her claims. Jones responded that there was evidence that Musashi treated similarly situated employees differently and that her termination was temporally connected to the resolution of a workers' compensation matter. After reviewing the evidence, the trial court granted summary disposition, determining that Jones had not provided evidence showing a genuine issue of material fact regarding whether Musashi's stated reason for terminating her employment was a pretext for discrimination.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116.

## III. RETALIATION AGAINST PUBLIC POLICY

Jones contends that the trial court erred by concluding that she had not provided the basis for a claim of retaliatory discharge against public policy. We disagree.

Even an at-will employee may not have his or her employment terminated for a reason that is against public policy. *Suchodolski v Mich Consol Gas Co*, 412 Mich 692, 695; 316 NW2d 710 (1982). "Most often these proscriptions are found in explicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in according with a statutory right or duty." *Id*. The Michigan Occupational Safety and Health Act

(MIOSHA) requires an employer to "[f]urnish each employee, employment and a place of employment that is free from recognized hazards that are causing, or are likely to cause, death or serious physical harm to the employee." MCL 408.1011. MIOSHA prohibits an employer from discharging an employee "because the employee filed a complaint or instituted or caused to be instituted a proceeding under or regulated by this act . . . ." MCL 408.1065.

Other than conclusory assertions that a supervisor having alcohol on his breath "clearly" creates a health and safety risk, Jones failed to identify any particular provision of MIOSHA that prohibits any consumption of alcohol. While such provisions are commonly against an employer's internal politics, "[t]he code of ethics of a private association does not establish public policy." *Suchodolski*, 412 Mich at 696. Jones has also failed to support how her brief verbal report, made in the middle of an argument about unrelated matters, constituted filing a complaint. Because Jones failed to support her claim that her discharge was against public policy, we conclude that the trial court properly granted summary disposition.

## IV. PRETEXT FOR DISCRIMINATION

Next, Jones contends that the trial court erred by granting summary disposition on her various retaliatory discharge claims because she established a genuine question of material fact regarding whether Musashi's stated reason for terminating her employment was pretextual. Again, we disagree.

MCL 37.1102 provides that "[t]he opportunity to obtain employment . . . without discrimination because of a disability is . . . a civil right." To prevail on a discrimination claim, the plaintiff must show that he or she (1) is disabled, (2) the disability is unrelated to his or her ability to perform job duties, and (3) he or she has been impermissibly discriminated against. *Peden v Detroit*, 470 Mich 195, 204; 680 NW2d 857 (2004). The Worker's Disability Compensation Act, MCL 418.801 *et seq*, and the FMLA also provide that an employer shall not discharge an employee for exercising their rights under those acts. MCL 418.301(13); 29 USC 2615(b).

Indirect evidence of employment discrimination exists if: (1) the plaintiff has shown a prima facie case of employment discrimination, and (2) the employer cannot articulate a legitimate, nondiscriminatory reason for its employment decision, or (3) the employer has articulated such a reason, but the plaintiff has shown that the employer's reason is merely a pretext. *Lytle v Malady (On Rehearing)*, 458 Mich 153, 172-174; 579 NW2d 906 (1998). Once the employee has established a prima facie case, the employer has the burden to articulate legitimate reasons for terminating the employee's employment. *Id*. If the employer does so, the employee must demonstrate that the employer's reason was merely a pretext for unlawful discrimination. *Id*. at 174. A party proves that the employer's reason for termination is pretextual "(1) by showing that the reason(s) had no basis in fact, (2) by showing that they were not actual factors motivating the decision, or (3) if the reason(s) were motivating facts, by

-3-

showing that they were jointly insufficient to justify the decision." *Meagher v Wayne State Univ*, 222 Mich App 700, 712; 565 NW2d 401 (1997).[1]

In this case, Musashi stated a legitimate, nondiscriminatory reason for terminating Jones's employment—that Jones violated Musashi's respectful workplace policy by spreading gossip after Musashi gave Jones a final warning about such behavior. Jones asserted that Musashi's stated reason was pretextual because Musashi treated similarly situated employees differently and because the resolution of her workers' compensation claim was temporally connected to her termination.

To create an inference of discrimination on the basis of disparate treatment, a plaintiff must show that all the relevant aspects of employment between the plaintiff and another employee were "nearly identical," but the plaintiff was treated differently. *Town v Mich Bell Tel Co*, 455 Mich 688, 700; 568 NW2d 64 (1997). Jones alleged that Musashi treated two other employees more leniently because they both had received more discipline than Jones. However, the other employees' offenses were not identical to Jones's—both employees had multiple offenses for attendance and poor quality work, but neither had any offenses for violating the respectful workplace policy. Additionally, Robinson named several other specific employees that Musashi fired for violating the respectful workplace policy. One of them was fired on a first offense. We conclude that the trial court properly determined that Jones did not establish a question of fact regarding whether disparate treatment supported an inference of discrimination.

Additionally, temporal proximity between an action and retaliatory act may establish that the action had a discriminatory basis. *Rymal v Baergen*, 262 Mich App 274, 303; 686 NW2d 241 (2004). However, "[s]omething more than a temporal connection between protected conduct and an adverse employment action is required to show causation where a discrimination-based retaliation is claimed." *West v Gen Motors Corp*, 469 Mich 177, 186; 665 NW2d 468 (2003). A close temporal relationship may support a claim, but it may not be the sole basis of the claim. *Id*. at 186-187.

Contrary to Jones's assertion, the trial court did not require temporal proximity evidence; it merely stated that "the law is clear that 'temporal proximity' alone seldom proves causation," which is an accurate statement. The trial court went on to note that even considering temporal proximity, Jones did not provide evidence to support an inference. Like in *West*, Jones did not show any evidence that Musashi was upset by her repeated requests for leave, disability claims, or accommodation. See *West*, 469 Mich at 187 (stating that "plaintiff has not shown any reaction or conduct on the part of his supervisor that reasonably suggests that they were upset by the fact that plaintiff reported an assault to the police.") To the contrary, Jones's testimony and the documentary evidence both indicate that Musashi repeatedly accommodated Jones's disability leaves, and Robinson testified that Musashi facilitated Jones's workers' compensation claims because it did not have a basis to contest them. Jones's evidence of disparate treatment failed,

---

[1] This burden-shifting framework also applies to retaliation claims under the Worker's Disability Compensation Act, see *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 276-277; 826 NW2d 519 (2013), and the FMLA, see *Edgar v JAC Prods, Inc*, 443 F3d 501, 508 (CA 6, 2006).

and Jones offered no further evidence of discrimination. Even presuming that the resolution of Jones's workers' compensation claim was temporally close to her termination, that evidence alone did not support Jones's claim.

The trial court did not err in concluding that Jones did not produce evidence that Musashi's decision was a pretext for unlawful discrimination. Jones produced no evidence that there was a lack of factual basis for the decision, that Musashi was not actually motivated by articulated reason, or that these reasons were insufficient to support terminating her employment. Though Jones argues that the investigation into her conduct relied heavily upon the word of others, this does not in any way call into question Musashi's conclusion that there were complaints that Jones was gossiping about coworkers in the workplace. Although Jones argues that under *Kocsis v Multi-Care Management Inc*, 97 F3d 876, 883 (CA 6, 1996), pretext can be shown by evidence that the employer never before used the motivating reason for a prior termination, *Kocsis* says no such thing and Jones has provided no other law to support her theory.

We conclude that the trial court did not err by determining that Jones failed to show that similarly situated employees were treated differently or that Jones had failed to establish an inference of discrimination from temporal proximity. The trial court properly granted summary disposition because Jones had failed to show a genuine issue of material fact regarding whether Musashi's reason was a pretext.

We affirm.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray