*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID STALLWORTH and RACHEL
STALLWORTH,

       Plaintiffs-Appellees,

v

ENTERTAINMENT MANAGERS, LLC, doing
business as THE ENTERTAINMENT DISTRICT,

       Defendant-Appellant.

UNPUBLISHED
August 29, 2024

No. 363874
Kalamazoo Circuit Court
LC No. 2022-000197-AV

Before: SWARTZLE, P.J., and K.F. KELLY and YOUNG, JJ.

PER CURIAM.

       This case appears in this Court as on leave granted, following a remand from our Supreme Court.[1] After the COVID-19 pandemic jeopardized their 2020 wedding plans, David and Rachel Stallworth brought claims for rescission of contract and violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*, against their wedding venue and planner, Entertainment Managers, LLC. The circuit court affirmed a district court order granting plaintiffs' motion for summary disposition under MCR 2.116(C)(9) and awarding them $25,000. We reverse and remand for further proceedings.

## I. FACTS AND PROCEEDINGS

       This case arises out of contracts for Entertainment Managers, LLC to produce a wedding reception for the Stallworths at a venue in Kalamazoo. The parties executed the original Contract for the event on June 18, 2019, and executed a First Addendum to finalize details of the event on March 10, 2020. According to the Stallworths, they made seven payments to Entertainment Managers, LLC between May 8, 2019 and March 10, 2020, for a total of $22,620.84. The reception was scheduled for March 21, 2020, but five days before the event, Michigan's Governor issued Executive Order No. 2020-9 in response to the COVID-19 pandemic, which, in relevant part,

---

[1] *Stallworth v Entertainment Managers, LLC*, 513 Mich 853 (2023).

temporarily closed places of public accommodation offering food or beverage for on-premises consumption.

The parties then executed a Second Addendum in which they agreed to reschedule the event within 12 months of the original date, or by March 21, 2021. Despite various efforts to agree on a date, the Stallworths demanded their money back, which Entertainment Managers, LLC declined to pay. The Stallworths filed a complaint in the district court and alleged claims for rescission of contract and violation of the MCPA under MCL 445.903(1)(u)[2]. The Stallworths moved for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense), and the district court granted their motion and ruled that the Stallworths were entitled to rescind the Contract; that Entertainment Managers, LLC should have refunded all of the Stallworths' payments for the event; and that Entertainment Managers, LLC violated the MCPA, which entitled the Stallworths to an award of attorney fees and costs up to the district court's jurisdictional limit of $25,000.[3] Entertainment Managers, LLC appealed the district court's grant of summary disposition, and the circuit court affirmed. Entertainment Managers again appeals.

## II. ANALYSIS

As discussed, the Stallworths moved for summary disposition of their claims for rescission of contract and violation of the MCPA on the ground that Entertainment Managers, LLC "failed to state a valid defense to the claim asserted against [them]" under MCR 2.116(C)(9). Entertainment Managers, LLC now contends that the district court erred when it considered documentary evidence in addition to the pleadings in reviewing a motion under MCR 2.116(C)(9), and the circuit court also erred by doing so on appeal.

In their complaint, the Stallworths made various factual allegations to show that, through no fault of theirs, Entertainment Managers, LLC did not produce the event as promised in the Contract or Second Addendum. The "no fault" aspect of their claims is essential to the equitable

---

[2] MCL 445.903(1) states, in relevant part:

> Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
> * * *
>
> (u) Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

[3] See MCL 600.8301(1).

remedy of rescission. Generally, a "trial court will not grant rescission unless the party requesting it is blameless." *Stanton v Dachille*, 186 Mich App 247, 260; 463 NW2d 479 (1990). If a party seeking rescission breached the contract, then it negates a finding of innocence and the remedy of rescission does not apply. *Id*. The Stallworths asserted that they agreed on a rescheduled event date of February 27, 2021, but that the parties together decided in November 2020 that the rescheduled date would not be suitable because of COVID-19 restrictions. The Stallworths further asserted that Entertainment Managers, LLC did not offer other suitable dates to reschedule the event by March 21, 2021, and that they refused to reschedule the event to a date in February 2022 unless the Stallworths signed a Proposed Rescheduling Agreement, which the Stallworths refused to sign because it contained unfair conditions.

Entertainment Managers, LLC made specific assertions to the contrary.

Notwithstanding the competing explanation of the events, both the district court and circuit court ruled that Entertainment Managers, LLC failed to state a valid defense to the claim of rescission of contract under MCR 2.116(C)(9). Specifically, the courts were persuaded that the Stallworths were entitled relief on the merits because their event did not occur within the 12-month time frame in the Second Addendum or at any other time, and that this also violated the MCPA. The district court ruled that, after reviewing the allegations in the complaint *and the documentary evidence attached to the complaint*, the Stallworths established they were entitled to: (1) rescind the Contract; (2) a refund of all amounts paid to defendant; and (3) attorney fees and costs. On appeal, the circuit court affirmed the district court's rulings.

Entertainment Managers, LLC contends the circuit court relied on the wrong standard of review to decide defendant's appeal of the grant of summary disposition. We agree.

We review de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The circuit court should have reviewed the district court under this same standard. To the extent the circuit court ruled that the district court did not clearly err or abuse its discretion when it granted summary disposition to the Stallworths, the circuit court erred because the standard or review for a motion for summary disposition is de novo, not clear error or an abuse of discretion. *Id*.

We also agree with Entertainment Managers, LLC that the district court and circuit court erred by ignoring the defenses in their answer and affirmative defenses, considering evidence attached to the pleadings as substantive evidence on which the courts made findings of fact, and granting equitable relief and statutory relief to the Stallworths on the basis of the pleadings alone.

A "motion for summary disposition under MCR 2.116(C)(9) is tested solely by reference to the parties' pleadings," as provided in MCR 2.116(G)(5). *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582; 794 NW2d 76 (2010) (quotation marks and citation omitted). "Pleadings include only complaints, cross-claims, counterclaims, third-party complaints, answers to any of these, and replies to answers." *Slater*, 250 Mich App at 425, citing MCR 2.110(A). However, a party making a claim based on a written instrument generally must attach a copy of the instrument to the pleadings under MCR 2.113(C)(1).

In cases involving a contract attached to the pleadings, the contract becomes part of the pleadings for purposes of a motion for summary disposition on the basis of the pleadings alone. *Laurel Woods Apartments v Roumayah*, 274 Mich App 631, 635; 734 NW2d 217 (2007). However, when a motion for summary disposition is premised on the pleadings alone, a trial court may not consider the content of the evidence attached to a complaint as substantive evidence to support the dismissal of a defense under MCR 2.116(C)(9) or, by extension, a finding for a party on the merits of a claim. *El-Khalil*, 504 Mich at 163-164. Moreover, when a party brings a motion on the basis of the pleadings, it is simply premature for a court to rule that a party has factually prevailed on a claim or that the defendant has not provided sufficient facts to defend against that claim. *Id*. at 164.

In its answer to the Stallworths' complaint, Entertainment Managers, LLC asserted that, contrary to the Stallworths' claims, the Stallworths canceled the event that was rescheduled for February 27, 2021, which was within the 12-month period contemplated in the Second Addendum. If the Stallworths chose to cancel the rescheduled event, then they would have been responsible for Entertainment Managers, LLC's inability to produce the event under the terms of the Second Addendum. Further, Entertainment Managers, LLC asserted that it was untrue that the Stallworths worked in good faith with them to reschedule the event within the 12-month period. If true, then the Stallworths would not be entitled to rescind the Contract because, for this equitable remedy, the party seeking rescission must be blameless. See *Stanton*, 186 Mich App at 260.

Moreover, the district court and circuit court impermissibly made findings of fact and resolved conflicting facts in favor of granting equitable relief to the Stallworths and finding a violation of the MCPA. Again, the courts' inquiry was limited to the pleadings alone and whether Entertainment Managers, LLC asserted a valid defense to the Stallworths' claims. "When deciding a motion under MCR 2.116(C)(9), which tests the sufficiency of a defendant's pleadings, the trial court must accept as true all well-pleaded allegations and properly grants summary disposition" when a defendant fails to plead a valid defense to a claim. *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 425; 648 NW2d 205 (2002). "Summary disposition under MCR 2.116(C)(9) is proper when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Id*. at 425-426. Although courts accept well-pleaded facts as true, when a defendant categorically denies a material allegation, it is a valid defense that could deny a plaintiff's right to recovery, and summary disposition under MCR 2.116(C)(9) is improper. See *Slater*, 250 Mich App at 425; *Village of Dimondale*, 240 Mich App at 564-565. Further, although parties may attach written instruments to their pleadings under MCR 2.113(C), courts may not consider them for their evidentiary value in deciding a motion on the basis of the pleadings alone or in deciding the merits of a claim when the motion is based only on the pleadings. *El-Khalil*, 504 Mich at 162.

The circuit court erroneously ruled that the pleadings, and evidence attached to the pleadings, established facts to support a ruling in the Stallworths' favor on both claims under MCR 2.116(C)(9). Specifically, the circuit court ruled that: (1) Entertainment Managers, LLC agreed with the Stallworths to cancel the event on February 27, 2021; (2) they failed to offer the Stallworths dates for rescheduling the event under the terms of the Second Addendum; (3) they wrongfully required the Stallworths to sign a new agreement to hold an event after the Second Addendum period expired: (4) the Stallworths were entitled to a refund Entertainment Managers, LLC unfairly refused to provide; and (5) that the Stallworths were not at fault that the event did

not occur under the terms of the Second Addendum. These findings were made in direct contravention of the assertions in Entertainment Managers, LLC's responsive pleadings and were outside the scope of the circuit courts' inquiry regarding the adequacy of the pleadings.

To survive a motion under MCR 2.116(C)(9), it was enough for Entertainment Managers, LLC to assert that the Stallworths alone chose to cancel the rescheduled event, the Stallworths failed to reschedule the event within the terms of the Second Addendum, and that the Stallworths breached the contracts. By challenging the claims on these grounds in its responsive pleadings, Entertainment Managers, LLC's pleadings established that facts could show that the Stallworths were not entitled to rescission of the Contract or that Entertainment Managers, LLC violated the MCPA. Further, the Second Addendum itself stated that, if the Stallworths canceled the rescheduled event, then all payments were nonrefundable. Accordingly, it was enough for Entertainment Managers, LLC to assert, for purposes of both rescission and violation of the MCPA, that the Stallworths waived any claim for a refund or that they were not otherwise entitled to a refund under the agreements.

Because the district court and circuit court erroneously considered attachments to the pleadings as substantive evidence and made findings of fact and weighed conflicting facts in deciding both counts in the Stallworths' favor, we reverse the circuit court's order affirming the district court's grant of summary disposition under MCR 2.116(C)(9).

We further decline to consider the Stallworths' motion under MCR 2.116(C)(10). We should not review a grant of summary disposition under MCR 2.116(C)(10) if the motion is brought under a different subrule on the basis of the pleadings alone. See *El-Khalil*, 504 Mich at 163-164. The Stallworths maintain that they asked the district court to consider the motion under MCR 2.116(C)(10) at the motion hearing, but this is not supported by the record.

At the hearing, counsel for Entertainment Managers, LLC reminded the trial court that the Stallworths brought the motion under MCR 2.116(C)(9), but that the Stallworths were making arguments about conflicting facts in the case and relying on evidence that was not part of the pleadings. Again, all Entertainment Managers, LLC had to do was to show that its responsive pleadings, if later factually supported, would be a valid defense. And they did so. A motion under MCR 2.116(C)(9) merely tests the adequacy of a defendant's pleadings alone. Further, courts speak through written orders, *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009), and the district court's order granted the Stallworths' motion for summary disposition under MCR 2.116(C)(9), not under MCR 2.116(C)(10). We need not speculate about whether it would have been fair for the district court to consider the motion under MCR 2.116(C)(10) rather than (C)(9), because the district court simply chose not to do so.

Had the Stallworths brought a motion under MCR 2.116(C)(9) *and* (10), we could review the appeal under MCR 2.116(C)(10) if the parties both relied on evidence outside the pleadings. See *Cuddington v United Health Services, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012); *Butler v Ramco-Gershenson, Inc*, 214 Mich App 521, 524; 542 NW2d 912 (1995). But the Stallworths only brought the motion under MCR 2.116(C)(9), and the district court explicitly granted the motion under MCR 2.116(C)(9), so there is no basis to review the appeal under a different subrule.

## III.  CONCLUSION

Because it was error for the district court and circuit court to ignore Entertainment Managers, LLC's responsive pleadings, make factual determinations, weigh conflicting facts, and decide the Stallworths' claims on the merits by considering evidence attached to the pleadings, we reverse the circuit court's order affirming the district court's grant of summary disposition to the Stallworths under MCR 2.116(C)(9).

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young