*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BONNIE STURDIVANT,

       Plaintiff-Appellant,

v

MICHIGAN STATE UNIVERSITY, MARC
CONLIN, and SHANNON SCHMOLL,

       Defendants-Appellees.

UNPUBLISHED
December 03, 2024
11:24 AM

No. 367030
Court of Claims
LC No. 20-000270-MZ

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants pursuant to MCL 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND

This case stems from allegations that plaintiff, an African American woman born in 1963, was terminated from her employment with Michigan State University (MSU) on the basis of her race and age and as retaliation for asserting her civil rights. Plaintiff began her employment with MSU in 1983 and was working as a secretary for the planetarium when she was terminated in 2018. Plaintiff maintains that the termination was discriminatory based on her age and race, and she further maintains that defendants terminated her in retaliation for her complaints of racial bias and for asserting her rights. Defendants, however, maintained that plaintiff's position was eliminated because of a department budget deficit, which also resulted in the elimination of two other positions. Plaintiff asserts that Rebecca Hatt, a young white woman, was hired to replace her. Defendants assert that Hatt was hired for a different position, that plaintiff's position was entirely eliminated, and that plaintiff was not replaced. Plaintiff initially filed her claim in the circuit court, but defendants transferred it to the Court of Claims. Plaintiff moved to transfer the case back to the circuit court, and that motion was partially granted. Subsequently, defendants Marc Conlin and Shannon Schmoll moved for summary disposition in the Court of Claims with respect to plaintiff's claims of age discrimination, race discrimination, and retaliation in violation

-1-

of the Elliot Larsen Civil Rights Act, MCL 37.2101 *et seq*. The Court of Claims granted Conlin and Schmoll's motion, and this appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews for an abuse of discretion a trial court's ruling on a motion to compel discovery." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW 670 (2012). A trial court abuses its discretion by making a decision that falls outside the range of principled outcomes. *In re KMN*, 309 Mich App 274, 294; 870 NW2d 75 (2015). This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition should be granted pursuant to MCR 2.116(C)(10) when the evidence reveals no genuine issue of material fact. *Id*. at 183. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

## III. PRODUCTION OF DOCUMENTS

Plaintiff argues that the trial court erred by denying her discovery motion to compel the production of documents. We disagree.

During discovery, plaintiff submitted multiple requests for production of documents. Subsequently, plaintiff filed a motion to compel discovery to procure documents that would help her prepare for her deposition. Plaintiff argues that the court erred when it denied this motion. "The Michigan court rules establish an open, broad discovery policy," and "[d]iscovery is permitted for any relevant matter, unless privileged." *Bronson Methodist Hosp*, 295 Mich App at 443 (quotation marks and citation omitted). Plaintiff suggests that her motion was denied because of unpaid fees, but there is nothing in the court's order to support that assertion. Rather, the court concluded that "[p]laintiff has not produced any evidence that defendants have withheld information or documents responsive to plaintiff's discovery requests, or that any records regarding discrimination allegations made to the Union are within defendants' control." This statement by the Court of Claims is plainly and demonstrably true; plaintiff did not support her motion to compel with any evidence suggesting that the discovery sought even exists. On appeal, plaintiff does not dispute this; instead, she repeatedly emphasizes how important this discovery was to her ability to establish her claims. Simply put, plaintiff has not shown defendants failed to produce documents and is not entitled to appellate relief on this claim.[1]

## IV. DISCRIMINATION

Plaintiff argues that the trial court erred by granting summary disposition to defendants on her age and race discrimination claims. We disagree.

---

[1] Plaintiff makes several cursory references to the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. However, there is no discussion of FOIA in the record, and the discovery requests were at no point framed as being made pursuant to FOIA.

Section 202 of Elliott-Larson Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, provides in relevant part:

> (1) An employer shall not do any of the following:
>
> (a) Fail or refuse to hire or recruit, *discharge*, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, *race*, color, national origin, *age*, sex, sexual orientation, gender identity or expression, height, weight, or marital status. [Emphasis added.]

Plaintiff argues that defendants violated Section 202 by terminating her on the basis of her age and race.

Employment discrimination in violation of ELCRA can be established by direct or circumstance evidence. *Major v Village of Newberry*, 316 Mich App 527, 540; 892 NW2d 402 (2016). Direct evidence "is evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id*. (quotation marks and citation omitted). In this case, there is no direct evidence that plaintiff was terminated due to her age or race. Accordingly, plaintiff must prevail through circumstantial evidence. To establish a prima facie case of discrimination through circumstance evidence, a plaintiff must "present evidence that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination." *Hazle v Ford Motor Co*, 464 Mich 456, 463; 628 NW2d 515 (2001).

While not conceding the point, defendants do not contest that plaintiff established the first three elements of a prima facie case. Nevertheless, plaintiff did not establish the fourth element—that her job was given to another person under circumstances giving rise to an inference of unlawful discrimination—because the evidence instead shows that her job was entirely eliminated. Plaintiff stated in her affidavit that she was replaced by Hatt, but her assertion that Hatt took her job was the only evidence she produced and it was based on hearsay from "an employee from MSU." See MRE 801, 802. Plaintiff also presented a staff list that referred to Hatt's job as "Student Office Support/Program Presenter," which is not the same as plaintiff's job of office assistant/secretary. Importantly, plaintiff did *not* present any statement from Hatt herself about her position or duties. Because plaintiff failed to show that her job was given to another person, she failed to establish a prima facie case of discrimination.

Even if plaintiff could establish a prima facie case, she could not survive a motion for summary disposition on her claims of discrimination. Establishing a prima facie case creates "a presumption of discrimination," *Hazle*, 464 Mich at 470 (quotation marks and citation omitted), at which point the burden shifts to the defendant "to articulate a legitimate, nondiscriminatory reason for its employment decision" by "producing evidence that its employment actions were taken for a legitimate, nondiscriminatory reason." *Id*. at 464. Producing such evidence rebuts the presumption of discrimination and shifts the burden "back to the plaintiff to show that the defendant's reasons were not the true reasons, but a mere pretext for discrimination." *White v*

*Dep't of Transp*, 334 Mich App 98, 108; 964 NW2d 88 (2020) (quotation marks and citation omitted).

Defendants produced evidence that plaintiff lost her job not because of discrimination, but because of budget cuts. Conlin, the Business Operations and Personnel Manager from MSU's Department of Physics and Astronomy, and Schmoll, the Director of the planetarium, both stated in their affidavits that plaintiff's position was eliminated entirely and that her responsibilities were absorbed by multiple employees who already worked in the department. Further, defendants produced a letter from defendants' human resources department informing plaintiff that she was losing her job due to a necessary layoff, but would try to assist her in finding another job at MSU. Finally, defendants included a "layoff checklist" that explained the reason for plaintiff's and two other layoffs was "to reduce payroll costs in order to reduce a budget deficit." Regarding plaintiff's position, this checklist explained that, prior to the creation of her position, "the unit ran with no clerical assistance or with a half-time person." Finally, defendants produced a "change of status form" regarding Hatt that provided the following description for Hatt's job of "Professional Aide":

> Presents shows and start talks for public programming as scheduled. Also specialized sensory friendly shows on Sunday mornings each month. On occasion may help with other public programming including but not limited to seating, introducing shows, running the Digistar 5/6 projector, and crowd control. Also assists as needed with special events when a show and/or star talk are included.

By contrast, plaintiff did not have Hatt's job title or responsibilities because she was a secretary and office assistant.

The record reflects that defendants met their burden of showing that plaintiff's position was eliminated for budgetary reasons. Had plaintiff established a prima facie case of discrimination, the burden would have shifted back to her to show that the budget issues were actually a pretext for a discriminatory firing. See *White*, 334 Mich App at 108. Plaintiff did not present any evidence that the department budget cuts were not the true reason she was terminated. Therefore, even if she could show she lost her position to another person, plaintiff cannot refute defendants' nondiscriminatory explanation for the adverse employment action.

## V. RETALIATION

Plaintiff argues that the trial court erred by granting summary disposition to defendants on her claim that she was discharged in retaliation for engaging in a protected activity. We disagree.

Establishing a prima facie case of unlawful retaliation requires a plaintiff to establish "(1) that he [or she] engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *DeFlaviis v Lord & Taylor, Inc*, 223 Mich App 432, 436; 566 NW2d 661 (1997). "The last element, causation, is usually difficult to prove. . . . Rarely will an employer openly admit having fired a worker in retaliation for exercising a right of employment." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 275-276; 826 NW2d 519 (2012). Causation "can be established through circumstantial evidence, such as close temporal proximity between the protected activity and

adverse actions, as long as the evidence would enable a reasonable fact-finder to infer that an action had a discriminatory or retaliatory basis." *Rymal v Baergen*, 262 Mich App 274, 303; 686 NW2d 241 (2004).

Plaintiff established the first three elements, but she has not established a causal connection between the protected activity and the adverse employment action. It is undisputed that plaintiff filed discrimination complaints in 2014, and it is undisputed that plaintiff at times brought informal complaints to Schmoll. However, plaintiff was terminated approximately four years after the formal complaint was filed, and plaintiff did not present evidence of when she raised any other complaints. Thus, plaintiff has not established a temporal or causal connection between her protected activity and her termination. Moreover, establishing a causal connection would initiate the same burden-shifting framework discussed with respect to the age and race discrimination claims. *Cuddington*, 298 Mich App 264, 276. As discussed, defendants presented significant evidence showing that plaintiff lost her job due to budget cuts, and plaintiff failed to present evidence establishing that this was a pretext for retaliation.

For these reasons, the trial court did not err by granting summary disposition to defendants on plaintiff's retaliation claim.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett