# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF TRANSPORTATION and OFFICE OF STATE EMPLOYER,

       Petitioners-Appellants,

v

MICHIGAN STATE EMPLOYEES ASSOCIATION,

       Respondent-Appellee.

UNPUBLISHED
June 13, 2017

No. 331951
Ingham Circuit Court
LC No. 15-000701-CZ

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

Petitioners Michigan Department of Transportation (DOT) and Office of the State Employer (OSE) filed a complaint in the trial court asking the trial court to vacate a supplemental labor arbitration award. Michigan State Employees Association (MSEA) moved for summary disposition. The trial court granted MSEA's motion pursuant to MCR 2.116(C)(10)[1] and dismissed petitioners' complaint. Petitioners appeal as of right. We affirm.

## I. FACTUAL BACKGROUND

OSE and MSEA entered into a collective bargaining agreement (CBA) that outlined arbitration procedures to resolve grievances. OSE appointed DOT to administer the grievance procedure for DOT employees.

DOT later fired employee Landon Clement. MSEA filed a grievance against DOT on Clement's behalf. The parties proceeded to arbitration. The arbitrator found that DOT lacked just cause to terminate Clement and granted Clement's grievance. The arbitrator ordered DOT to

---

[1] MSEA also moved for summary disposition pursuant to MCR 2.116(C)(4) and (8). We construe the motion as having been granted pursuant to MCR 2.116(C)(10) because the trial court gave no indication that it relied on subsection (4) and considered documentary evidence outside the four-corners of the pleadings, which would not occur in a subsection (8) analysis. See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

return Clement to his job or a comparable job, give Clement back pay, and "ma[k]e [Clement] whole in all other ways that were caused directly by his termination." Additionally, the arbitrator "retain[ed] jurisdiction of th[e] case to resolve any disputes that might arise from the implementation of th[e] Award."

Clement later sought compensation for penalties from and a loss in growth of his 401(k) plan incurred when he withdrew funds from his plan after his termination. DOT refused to pay, and the parties brought the dispute before the arbitrator. The arbitrator found that Clement's wrongful termination caused the withdrawals and penalties. Therefore, the arbitrator granted Clement a supplemental award of $15,528.13 as reimbursement "for the interest and penalty that he had to pay for the early withdrawal of all of his 401(k) plan funds" and "the loss in value of his 401(k) plan from the date he had to liquidate the fund until his return to work."

DOT and OSE asked the trial court to vacate the supplemental award, arguing that it exceeded the scope of the arbitrator's authority under the CBA. All parties moved for summary disposition. The trial court found that the arbitrator did not exceed the scope of his authority, denied petitioners' motion, granted MSEA's motion, and dismissed petitioners' complaint.

## II. STANDARD OF REVIEW

Judicial review of an arbitrator's decision is narrow. *Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). Once a reviewing court verifies that an arbitrator arguably acted within the scope of his or her contractual authority, "judicial review effectively ceases." *Id*. (internal quotations and citations omitted). We review de novo a trial court's decision to enforce an arbitration award. *Id*.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The trial "court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted or filed in the action to determine whether a genuine issue of any material fact exists to warrant a trial." *Id*. A trial court may grant an MCR 2.116(C)(10) motion if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." We review a trial court's order granting summary disposition de novo. *Ann Arbor*, 284 Mich App at 131.

## III. ANALYSIS

DOT and OSE argue that the trial court erred when it found that the CBA gave the arbitrator authority to grant the supplemental award and, therefore, erred in granting MSEA's motion for summary disposition. We disagree.

The CBA allows an employee to file a grievance to dispute employer discipline issued "without just cause." If the employer and employee cannot resolve the grievance in the first two steps of the CBA's grievance procedure, the MSEA can seek arbitration. The CBA provides:

> Settlement of grievances may or may not be retroactive as the equities of the particular case may demand as determined by the Arbitrator.

\* \* \*

It is the intent of this provision that employees be made whole in accordance with favorable arbitral findings on the merits of particular disputes, however, all claims for back wages shall be limited to the amount of straight time wages that the employee would otherwise have earned less any unemployment compensation, workers compensation, long term disability compensation, social security, welfare or compensation from any employment or other source received during the period for which back pay is provided; however, earnings from approved supplemental employment shall not be so deducted.

This CBA passage envisions "retroactive" settlement. It allows the arbitrator to award back pay, a "traditional make whole remedy for wrongful discharge." See *Ferrario v Escanaba Bd of Ed*, 426 Mich 353, 385; 395 NW2d 195 (1986) (internal quotations and citations omitted). It limits the amount of back wages an arbitrator may grant, but otherwise places no limitation on an arbitrator's authority to make an employee whole. The arbitrator's authority to make a grievant whole is broad enough to encompass reimbursement for penalties for withdrawal from and a loss in value of a 401(k) plan necessitated by DOT's termination of Clement's employment without "just cause." Therefore, the arbitrator arguably acted within the scope of his authority when granting Clement's supplemental award, see *Ann Arbor*, 284 Mich App at 144, and, thus, the trial court did not err in granting MSEA's motion for summary disposition.

Petitioners' argument that the arbitrator exceeded the scope of his authority by awarding consequential damages that the parties did not know and should not have known were likely to result from petitioners' actions lacks merit. For support, petitioners cite *Lawrence v Will Darrah & Assoc, Inc*, 445 Mich 1; 516 NW2d 43 (1994). The *Lawrence* Court held that recoverable damages in a claim for breach of a commercial contract include " 'damages that arise naturally from the breach, or which can *reasonably* be said to have been in contemplation of the parties at the time the contract was made.' " *Id.* at 13, quoting *Kewin v Mass Mut Life Ins Co*, 409 Mich 401, 419; 295 NW2d 50 (1980) (emphasis in *Lawrence*). Petitioners cite no authority to suggest that this rule applies to a trial court's interpretation of the scope of an arbitrator's authority under a CBA in a labor arbitration dispute. Assuming the rule applies, it is reasonably foreseeable that an employee uses wages to pay living expenses, must find other funding to pay those expenses if he loses his job, and will suffer financial consequences from accessing those other sources. Therefore, we do not conclude that *Lawrence* limited the arbitrator's authority to grant Clement the supplemental award.

Petitioners have abandoned their other arguments. Appellants "may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 650; 662 NW2d 424 (2003). Petitioners argue that the Civil Service Rules and Regulations referenced in the CBA limited the arbitrator's authority, but cite no limiting provisions in the Civil Service Rules and Regulations. Petitioners also argue that the supplemental arbitration process violated due process because they did not have the opportunity to examine MSEA's claims in support of the supplemental request. However, petitioners cite no legal authority to support this claim.

We affirm.

/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell