*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EUPHRATES MATHIEA,

        Plaintiff-Appellant,

v

JEREMIAH JAMES YOUNG,

        Defendant,

and

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellee.

UNPUBLISHED
December 15, 2025
10:16 AM

No. 372434
Wayne Circuit Court
LC No. 22-010186-NI

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

In this claim for uninsured motorist benefits, plaintiff appeals the trial court's order granting summary disposition in her insurance carrier's favor based on plaintiff's inability to serve and join as a party the other driver involved in the automobile accident. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

On August 28, 2019, a car driven by defendant, Jeremiah Young, rear-ended plaintiff Euphrates Mathiea's vehicle, injuring her. GEICO Indemnity Company insured Young, and his Florida insurance policy did not have bodily injury coverage for the incident. But plaintiff's policy with her insurer, defendant, Auto Club Insurance Association, did. It provided uninsured motorist

-1-

(UM) coverage, stating that defendant[1] "will pay damages for bodily injury to an insured person" that meets the following four requirements: (1) "is caused by accident," (2) "arises out of the ownership, operation, maintenance or use of an uninsured motor vehicle," (3) "that insured person suffers death, serious impairment of body function or permanent serious disfigurement," and (4) "that insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle."

Plaintiff initially sued Young and defendant in Macomb Circuit Court, asserting first- and third-party injury claims. Eventually, the two types of claims diverged. She continued to litigate the first-party personal injury protection portion of her case in Macomb Circuit Court but voluntarily dismissed her third-party claims and refiled them in this lawsuit in Wayne Circuit Court. The operative third-party claims are ones for negligence against Young and for UM benefits against defendant. Pertinent to this appeal, plaintiff requested a second summons after unsuccessful attempts to serve Young. The court granted the motion for a second summons but plaintiff was unable to perfect service on Young prior to the expiration of that summons.

Almost one year after the second summons expired, on February 26, 2024, plaintiff voluntarily dismissed her claims against Young "without prejudice and without costs pursuant to MCR 2.504(A)(1)(a)." Seizing on this change, defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that plaintiff's claim for UM benefits failed as a matter of law because plaintiff could not prove fault when the alleged at-fault driver (i.e., Young) was no longer a party to the case. After holding a hearing on the motion, the trial court granted summary disposition to defendant and denied plaintiff's subsequent motion for reconsideration. This appeal followed.

## II. NECESSARY PARTIES

Plaintiff argues that the dismissal of Young from this case had no effect on her ability to demonstrate her UM benefits claim against defendant. We agree.

### A. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). "Our review is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). If the trial court did not indicate whether it granted the defendant's motion under MCR 2.116(C)(8) or (10), but the trial court considered documentary evidence beyond the pleadings, we review the decision as having been granted under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). In this case, the trial court considered evidence outside the pleadings.

---

[1] Because Young is not a party to this appeal, we use "defendant" to refer to Auto Club Insurance Association throughout this opinion.

Under MCR 2.116(C)(10), a trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington*, 298 Mich App at 270. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Id*. at 270-271.

The disposition of this case hinges on the insurance policy issued to plaintiff by defendant. "Insurance policies are interpreted in accordance with the principles of contract interpretation." *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 433; 773 NW2d 29 (2009). "[W]hether contract language is ambiguous is a question of law that we review de novo." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). Similarly, "the proper interpretation of a contract is also a question of law that we review de novo." *Id*.

## B. ANALYSIS

### 1.

We first consider the effect of plaintiff's voluntary dismissal of Young under MCR 2.504.

Defendant primarily argues that plaintiff's voluntary dismissal of Young over a year after the summons expired in this case is a final adjudication on the merits that bars plaintiff from litigating Young's fault. But this is the first time it made this argument, and typically, the failure to raise an issue in the trial court forfeits that issue for appellate review. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). Though this Court has no obligation to consider this argument, we "may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Given the procedural posture of this case that neither party disputes, we elect to consider the merits of the parties' arguments on whether the failure to perfect service of the summons on Young and make him a party to this litigation bars plaintiff's ability to recover under defendant's policy because they are necessary for a proper determination of the case.

Defendant argues that under MCR 2.504(A)(1)(b), plaintiff's February 26, 2024, notice of dismissal operated as an adjudication on the merits because of her previous action against Young in Macomb Circuit Court. True, MCR 2.504(A)(1)(b) provides that "a dismissal under subrule (A)(1)(a) operates as an adjudication on the merits when filed by a plaintiff who has previously dismissed an action in any court based on or including the same claim." But this discounts that plaintiff's notice of dismissal was without legal effect because, at the time it was entered, Young was no longer a party to the case under MCR 2.102(D).

A "summons expires 91 days after the date the summons is issued," but if "an extension is granted, the new summons expires at the end of the extended period." MCR 2.102(D). When the

-3-

summons expires according to subrule (D), "the action is deemed dismissed *without prejudice* as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction." MCR 2.102(E)(1) (emphasis added). While the court rules require a clerk to enter an order of dismissal upon expiration of a summons, "[t]he clerk's failure to enter a dismissal order does not continue an action deemed dismissed." MCR 2.102(E)(2).

In this case, the trial court granted plaintiff's motion for extension of the summons in an attempt to serve Young, and this second summons expired on March 1, 2023. Under MCR 2.102(E)(1), the action was deemed dismissed without prejudice as to Young when he was not served with process by March 1, 2023. The clerk was required to examine the records and enter an order dismissing the action as to Young. MCR 2.102(E)(2). The claim against Young did not continue after March 1, 2023, because the clerk's failure to enter a dismissal did not continue the action. *Id*. Accordingly, plaintiff's voluntary dismissal as to Young on February 26, 2024, had no effect on the case against Young; and because Young had not submitted to the trial court's jurisdiction as required under the court rules, the trial court's reliance on MCR 2.504(A)(1)(a) was misplaced. Therefore, because the action against Young was not voluntarily dismissed under MCR 2.504(A)(1)(b), there was no adjudication on the merits of Young's fault, and defendant's preclusion argument fails.

2.

We turn next to the relationship between Young's dismissal and plaintiff's claim for UM benefits.

Michigan law does not require UM coverage. Instead, "the terms of coverage are controlled by the language of the contract itself . . . ." *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 84-85; 910 NW2d 691 (2017) (quotation marks and citation omitted). "Courts enforce contracts according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract." *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005). Thus, "[t]he primary goal in the construction or interpretation of a contract is to honor the intent of the parties." *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 714; 706 NW2d 426 (2005) (citation omitted). "A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be enforced as written." *Rory*, 473 Mich at 468. "Accordingly, an insurance contract should be read as a whole and meaning should be given to all terms," and "[t]he contractual language is to be given its ordinary and plain meaning." *Royal Prop Group*, 267 Mich App at 715.

To establish the right to UM benefits, "an injured person must—as provided in the insurance agreement—be able to prove fault: he or she must be able to establish that the uninsured motorist caused his or her injuries and would be liable in tort for the resulting damages." *Adam v Bell*, 311 Mich App 528, 535; 879 NW2d 879 (2015). A causation theory "must be based on facts in evidence." *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004). This can include "either direct evidence or indirect and circumstantial evidence." *Shaw v Ecorse*, 283 Mich App 1, 14; 770 NW2d 31 (2009).

-4-

In this case, the parties do not dispute that plaintiff can satisfy the first three requirements for UM coverage under defendant's policy. Where they part, however, is whether plaintiff can establish that she "is legally entitled to recover from the owner or operator of an uninsured motor vehicle" without Young being a named party in this lawsuit. In our view, defendant's argument— while attractive in its simplicity—ignores that plaintiff can establish under Michigan law that Young is liable for her injuries without him being a named party.

Start with the policy language. Despite defendant's argument otherwise, the policy's language is unambiguous and does not require that plaintiff first bring a successful claim against the uninsured motorist or that the uninsured motorist must be a party to the action. Rather, the policy only requires plaintiff to establish she is "legally entitled to recover damages" from Young. Michigan law recognizes that, for plaintiff to establish that she is legally entitled to recover, plaintiff need only demonstrate that Young "caused . . . her injuries and would be liable in tort for the resulting damages." *Adam*, 311 Mich App at 535. Further, when assessing fault in tort actions, "the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action." MCL 600.2957. While plaintiff's claim against defendant is contractual, it is based on Young's underlying negligence.

Defendant's argument to the contrary conflates plaintiff's need of a judgment of liability against the third-party driver with the requirement that she demonstrate third-party fault. Rather, plaintiff can demonstrate that Young was at fault without his presence as a party in the case and presumably, Young can appear as a witness in the case. And even if Young cannot be located, plaintiff can demonstrate Young's fault with other evidence, including her own testimony. The trial court erred, therefore, by granting summary disposition to defendant based on Young's dismissal from the action.

3.

In sum, Young's absence from this suit does not bar plaintiff's UM benefits claim against defendant.[2]

## III. CONCLUSION

For these reasons, we reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace

---

[2] In light of this conclusion, all of the remaining arguments on appeal are either moot, waived for failure to preserve, or abandoned because of insufficient briefing, and we decline to address them further. *Tolas Oil & Gas Exploration Co*, 347 Mich App at 289; *Seifeddine v Jaber*, 327 Mich App 514, 520; 934 NW2d 64 (2019); *Garrett v Washington*, 314 Mich App 436, 450; 886 NW2d 762 (2016).